**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No:**

SURESH KUMAR, Individually, and
on Behalf of All Employees Similarly Situated,

    Plaintiff,

vs.

KRS GLOBAL BIOTECHNOLOGY, INC.,
CLEVELAND DIABETES CARE, INC.,

    Defendants.
_____/

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, SURESH KUMAR, (hereinafter "Plaintiff"), individually, and on behalf of all employees similarly situated, by and through his undersigned counsel, and files this Collective Action Complaint against Defendants, KRS GLOBAL BIOTECHNOLOGY, INC. and CLEVELAND DIABETES CARE, INC. (hereinafter referred to collectively as "Defendants") and alleges the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, SURESH KUMAR, resides within the geographical jurisdiction of the Southern District of Florida and is a citizen of the State of Florida. Plaintiff is over the age of 18 and is otherwise a *sui juris* resident of Broward County, at all times material, and consents to participate in this lawsuit.

2. Defendant, KRS GLOBAL BIOTECHNOLOGY, INC., is a Florida Profit Corporation, qualified to do, and doing business in Florida, with its principal place of business in Palm

1

Beach County, Florida, and within the jurisdiction of this Court, which employed Plaintiff and all others similarly situated.

3. Defendant, CLEVELAND DIABETES CARE, INC., is a Delaware Foreign Profit Corporation, qualified to do, and doing business in Florida, with its principal place of business in Florida, and within the jurisdiction of this Court, which employed Plaintiff and all others similarly situated.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the Defendants transact business and made all operational decisions in this District. The Plaintiff and all others similarly situated were employed by KRS GLOBAL BIOTECHNOLOGY, INC. in the District. CLEVELAND DIABETES CARE, INC. purchased KRS GLOBAL BIOTECHNOLOGY, INC. on or about October 21, 2019 and thereafter became the employer of the Plaintiff and all others similarly situated.

5. At the relevant times herein, KRS GLOBAL BIOTECHNOLOGY, INC. and CLEVELAND DIABETES CARE, INC., were direct employers, joint employers, and co-employers for purposes of the Fair Labor Standards Act (hereinafter "FLSA"), as the term "employer" is defined by 29 U.S.C. §203(d). All Defendants employed Plaintiff and all others similarly situated. Plaintiff is informed and believes, and thereon alleges, that at all times material to this complaint the Defendants were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint ventures, and/or guarantors, actual or ostensible, of each other. Each Defendant was completely dominated by his, her or its co-Defendant, and was the alter ego of the other.

6. Plaintiff brings this action on behalf of himself and all other similarly situated current and former employees of Defendants in the state of Florida at any time within the period beginning

two years prior to the filing of this action, and continuing while this action is pending, and ending at the time this action settles or proceeds to final judgment. The Plaintiff brings this collective action to recover, among other things, wages and penalties from unpaid wages earned and due, interest, attorneys' fees, costs, and expenses pursuant to the FLSA, as amended, 29 U.S.C. §201 *et seq.*

7. Plaintiff brings this action on behalf of himself and all other similarly situated current and former employees of Defendants in the state of Florida at any time within the period beginning three years prior to the filing of this action, and continuing while this action is pending, and ending at the time this action settles or proceeds to final judgment. The Plaintiff brings this collective action to recover, among other things, wages and penalties, resulting from the Defendants' willful violations of the FLSA, as amended, 29 U.S.C. §201 *et seq.*

8. Plaintiff brings this action on behalf of himself and all other similarly situated current and former employees of Defendants in the state of Florida at any time within the period beginning two years prior to the filing of this action, and continuing while this action is pending, and ending at the time this action settles or proceeds to final judgment. The Plaintiff brings this collective action to recover, among other things, insurance premiums which Defendants wrongfully deducted from his wages pursuant to the Employee Retirement Income Security Act (hereinafter "ERISA"), as amended, 29 U.S.C. §1001 *et seq.*

9. This Court has jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 29 U.S.C. §201, *et seq.* including 216(b), and 29 U.S.C. §1132(e)(1), *et seq.*

**GENERAL ALLEGATIONS**

10. Plaintiff and all others similarly situated were employees of the Defendants, as the term "employee" is defined by 29 U.S.C. §203(e) and 29 U.S.C. §1002(6).

11. Defendants agreed to pay the Plaintiff and all others similarly situated wages in exchanges for services rendered.

12. Defendants also agreed to provide health, vision and dental insurance coverage through an "employee welfare benefit plan" to Plaintiff and all others similarly situated through as defined by 29 U.S.C. §1002(1).

13. Defendants failed to pay any wages to Plaintiff and the others similarly situated for the period of November 15, 2019 to January 10, 2020.

14. Defendants knew that their refusal to pay the wages due was at all times prohibited by the FLSA, as amended, 29 U.S.C. §201, *et seq*.

15. Defendants failed to maintain proper time records regarding the hours worked by Plaintiff and all others similarly situated as mandated by the FLSA, 29 U.S.C. §201, *et seq.*

16. Defendants failed to furnish the Plaintiff and all others similarly situated with accurate itemized statements pursuant to the FLSA, 29 U.S.C. §201, *et seq*.

17. Defendants also failed to pay the insurance premiums to Neighborhood Health Partnership and United Healthcare of Florida, which resulted in the cessation of insurance coverage to Plaintiff and all others similarly situated on or about March 30, 2020.

18. Defendants continued to deduct payment for the insurance premiums from Plaintiff and all others similarly situated after the insurance coverage ceased.

19. Plaintiff is informed and believes, and thereon alleges, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of, each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency,

employment and/or direction and control.

20. As a direct and proximate result of the unlawful actions of Defendants, the Plaintiff and all others similarly situated have suffered from loss of earnings, insurance premiums and benefits in quantifiable amounts subject to proof at trial, and within the jurisdiction of this Court.

## **COLLECTIVE ACTION ALLEGATIONS**

21. This action is appropriately suited for a collective action because:

A. The joinder of all current and former employees individually would be impractical.

B. This action involves common questions of law and fact to the potential class because the action focuses on the Defendants' systematic course of illegal payroll practices and policies, which was applied to all employees in violation of FLSA and ERISA..

C. The claims of Plaintiff are typical of the class because Defendants subjected all employees to the identical violations of FLSA and ERISA.

D. Plaintiff is able to fairly and adequately protect the interests of any and all members of the class because it is in their best interests to prosecute the claims alleged herein to obtain full compensation due to the class for all services rendered and hours worked, as well as recovery of premiums deducted for the "employee welfare benefit plan." Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the class and have the financial resources to do so. Neither Plaintiff nor his counsel have interests that are contrary to or that conflict with class members.

E. The common issues that comprise the basis for this lawsuit prevail over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

F. A class action is superior to the adjudication of the claims of class members individually

for the following reasons:

    a. Absent a class action, the plaintiff and all class members would be unable to obtain redress.

    b. Absent a class action, Defendants' violations of its legal obligations will continue without remedy.

    c. Absent a class action, additional employees will be harmed, and Defendants will continue to retain its ill-gotten gains.

    d. It would be a substantial hardship for most individual class members if they were forced to prosecute individual actions.

    e. Once the Defendants' liability has been adjudicated, the Court will be able to determine the claims of all Class members.

    f. A collective action will permit an orderly and expeditious administration of the claims, foster economies of time, effort, and expense, and ensure uniformity of decisions.

    g. The lawsuit presents no difficulties that would impede its management by the Court as a collective action.

    h. Defendants have acted on grounds generally applicable to class members, making class-wide relief appropriate.

## FACTUAL ALLEGATIONS

22. Plaintiff was employed with Defendants as the Director of Research and Development.

23. Plaintiff performed services in his capacity of an employee for Defendants from November 2019 to January 2020 and continuing.

24. Defendants failed to pay any wages to Plaintiff for the period of November 15, 2019 to January 10, 2020.

25. Defendants sponsored group medical, vision and dental insurance policies issued by Neighborhood Health Partnership and United Healthcare of Florida.

26. Defendants funded the "employee welfare benefit plan" with Plaintiff's pre-tax payroll contributions.

27. Plaintiff participated in Defendants' "employee welfare benefit plan" and authorized his portion of the insurance premiums to be deducted from his wages.

28. Defendants failed to pay the insurance premiums to Neighborhood Health Partnership and United Healthcare of Florida, which resulted in the termination of coverage of the "employee welfare benefit plan" on or about March 30, 2020.

29. Defendants continued to deduct premiums from Plaintiff's paychecks after the termination of coverage on or about March 30, 2020.

### COUNT 1 - RECOVERY OF UNPAID WAGES UNDER FLSA

30. Plaintiff restates and re-alleges the above paragraphs as if fully set forth herein.

31. During the aforementioned time period, Plaintiff was entitled to receive payment of $54,690.00. Since Defendants did not pay Plaintiff any of these wages, Plaintiff is entitled to receive $54,690.00 in pay. In addition, Defendants willfully failed to abide by the provisions of the FLSA. Accordingly, Plaintiff is entitled to collect liquidated damages as provided by 29 U.S.C. §216(b) in the amount of $54,690.00. As such, Plaintiff is entitled to recover a total of $109,380.00 for the period of November 15, 2019 to January 10, 2020.

32. Defendants knew that their refusal and/or failure to pay wages to Plaintiff is and was at all times material hereto prohibited by the FLSA. Defendants intentionally and willfully violated the FLSA as cited herein and/or showed reckless disregard for whether the described refusals and/or

failures were in violation of the FLSA.

33. At at all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Plaintiff.

34. Plaintiff is entitled to recover from Defendants a total of $109,380.00 as damages related to not being paid for work performed as required by 29 U.S.C. §206(a). In addition, Plaintiff is entitled to recover all of his attorney's fees and costs as a result of being required to file and prosecute this action for unpaid wages, as provided by 29 U.S.C. §216(b).

### COUNT 2 - RECOVERY OF INSURANCE PREMIUMS AND OTHER APPROPRIATE RELIEF UNDER ERISA

35. Plaintiff restates and re-alleges the above paragraphs as if fully set forth herein.

36. The benefits plan that Defendants offered to Plaintiff constitutes an "employee welfare benefit plan" pursuant to 29 U.S.C. §1002(1).

37. Defendants are fiduciaries of such plan pursuant to 29 U.S.C. §1002(21).

38. A fiduciary must "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries ... with the care, skill, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use ... ." 29 U.S.C. §1104(a)(1)(B)

39. Defendants' failure to remit the insurance premiums paid by Plaintiff to Neighborhood Health Partnership and United Healthcare of Florida was unlawful and a breach of their fiduciary duties.

40. Defendants' misappropriation of the insurance premiums paid by Plaintiff is and was at all times material hereto prohibited by ERISA. *See* 29 U.S.C. §1006(b)(1).

41. Defendants' failure to remit insurance premiums to Neighborhood Health Partnership and United Healthcare of Florida resulted in loss of medical coverage for Plaintiff, unbeknownst to

him. During the period in question, Plaintiff received medical services, which would have been and should have been covered through the "employee welfare benefit plan."

42. Plaintiff is entitled to recover from Defendant an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that a judgement be entered against Defendants, inclusive, and each of them as follows:

A. For compensatory damages in the amount of $54,690.00;

B. For liquidated damages in the amount of $54,690.00;

C. For preliminary and permanent injunctive relief barring Defendants from continuing to violate of the relevant provisions of the FLSA and ERISA and from engaging in the unlawful business practices complained of herein;

D. For statutory and civil penalties according to proof, including but not limited to all penalties authorized by FLSA;

E. For interest on the unpaid wages pursuant to FLSA 29 U.S. Code § 201, *et seq.* and/or any other applicable provision providing for pre-judgment interest;

F. For post-judgment interest, as afforded by law;

G. For attorneys' fees, plus the costs and expenses of this action;

H. For an order certifying the First and Second Causes of Action as a class action;

I. For an order appointing Plaintiff as class representative and Plaintiff's counsel as class counsel; and

J. For such further relief that the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: January 26, 2021          Respectfully submitted,

*/s/ Christine M. Tomasello*
Christine M. Tomasello, Esquire
Florida Bar No. 22913
Tomasello Legal, P.A.
10299 Southern Boulevard, Unit 212451
Royal Palm Beach, FL 33411
Telephone: 561-755-7090
*Attorneys for Plaintiff Suresh Kumar*

**Certificate of Service**

**I hereby certify** that on this 26th day of January, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and a true and correct copy of the foregoing document will be served on the Defendants via service of process in due course.

*/s/ Christine M. Tomasello*
Christine M. Tomasello, Esquire