**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 21-80151-DMM**

SURESH VASUDEYAN KUMAR,

    Plaintiff,

v.

KRS GLOBAL BIOSCIENCE, INC., and
CLEVELAND DIABETES CARE, INC.,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS COMPLAINT

Defendants, KRS Global Bioscience, Inc. and Cleveland Diabetes Care, Inc. (collectively, "***Defendants***"), by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), hereby files this Motion to Dismiss (the "***Motion***") the Complaint [ECF No. 1] of Plaintiff, Suresh Vasudeyan Kumar ("***Plaintiff***"), and in support thereof state:

## SUMMARY OF ARGUMENT

Because the Complaint, on its face shows that Plaintiff is exempt from the Fair Labor Standards Act ("***FLSA***") 29 U.S.C. § 201, *et seq*, and does not otherwise contain any factual allegations that support his claims for violations of Employee Retirement Income Security Act ("***ERISA***"), 29 U.S.C. § 1001, et seq. the Motion must be granted, and the Complaint dismissed.

## LEGAL STANDARD

In order to state a claim for relief, Federal Rule of Civil Procedure Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the Court need

not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And, "a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [him]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

## II.  PLAINTIFF IS EXEMPT UNDER THE FLSA

Pursuant to the Fair Labor Standards Act, an employer is required the pay an employee's federal minimum wage, plus other damages, if the employee is not paid a minimum wage. Certain types of employees are, however, excluded from the FLSA.

The FLSA exempts certain highly compensated employees, which includes, among others, employees who act as bona fide executives, or in an administrative capacity, so long as they receive a minimum of $684 per week. *See* 29 C.F.R. § 541.601; *Tadili v. Ferber*, 12-80216-CIV, 2013 WL 12101132, at *2 (S.D. Fla. Nov. 22, 2013). "Because "[a] high level of compensation is a strong indicator of an employee's exempt status," under the FLSA, it eliminates "the need for a detailed analysis of the employee's job duties." *Id.* "And all an employer needs to prove is that an

employee performs one or more of the exempt duties of an executive, administrative or professional employee." *Id.*; *Citrullo v. Nat'l Beverage Corp.*, 17-60225-CIV, 2017 WL 9360857, at *3 (S.D. Fla. Oct. 11, 2017). This eliminates the need for a detailed analysis of the employee's actual responsibilities. *Hicks v. Mercedes-Benz U.S. Intern., Inc.*, 7:08-CV-0536-LSC, 2012 WL 1566140, at *2 (N.D. Ala. Apr. 30, 2012).

The Complaint provides, in relevant part that Plaintiff was the "Director of Research and Development" [ECF No. 1 ¶ 22] and that Plaintiff was to be paid $56,690.00, for services rendered between November 15, 2019 and January 10, 2020 (a month and three-week period). [ECF No. 1 ¶¶ 24, 31]. Clearly, the Complaint establishes that Plaintiff is exempt from the FLSA, as Plaintiff was a Director of Research and Development, such that he must have performed one of the exempt job functions (and was an executive) was highly compensated, and was clearly, based on his role of being a director of research and development, was highly educated.  As such, the Complaint conclusively establishes that Plaintiff is exempt from the provisions of the FLSA. It must therefore be dismissed with prejudice. *Tadili v. Ferber*, 12-80216-CIV, 2013 WL 12101132, at *2 (S.D. Fla. Nov. 22, 2013); *Bagwell v. Fla. Broadband, LLC,* 385 F.Supp.2d 1316 (S.D.Fla.2005) (discussing the "combination exemption"); *Pinillia v. Northwings Accessories Corp.*, 07-21564-CIV, 2007 WL 3378532, at *10 (S.D. Fla. Nov. 13, 2007); *Levy v. Remy Cointreau USA, Inc.*, 604 Fed. Appx. 918, 919 (11th Cir. 2015).

### COUNT II CONTAINS NO FACTUAL ALLEGATIONS TO SUPPORT THE ERISA CLAIM

In *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1277 (11th Cir. 2005), the Eleventh Circuit held that when a plaintiff merely "recites portions of the statutory definition" of an ERISA fiduciary without pleading any other facts, the complaint fails to sufficiently allege fiduciary status. *Id.* at 1277.

3

That is precisely what the Complaint does—it merely tracks the statutory language defining an ERISA claim, but provides no facts to support the conclusory allegations. Therefore, because the Complaint fails to properly allege facts supporting its claim, and the Complaint only contains conclusory allegations of violations of ERISA, Count II must be dismissed as well. *Bacon v. Stiefel Labs., Inc.*, 677 F. Supp. 2d 1331, 1341 (S.D. Fla. 2010)

## MOTION FOR A MORE DEFINITE STATEMENT

In the alternative, Defendants request that the Court order Plaintiff to file a more definite statement which clarifies which Defendant acted in what capacity, Plaintiff's responsibilities as an alleged employee, and how, as set forth in the Complaint, Defendants violated ERISA. *See* Fed. R. Civ. P. 12(e).

WHEREFORE, Defendants, KRS Global Biotechnology, Inc. and Cleveland Diabetes Care, Inc., respectfully request that the Court enter an Order: (i) Granting the Motion; (ii) Dismissing Count I of the Complaint with Prejudice; (iii) Dismissing Count II of the Complaint without prejudice; (iv) Directing Plaintiff to file a More Definite Statement; (v) Awarding Defendants attorneys' fees and costs; and (vi) Granting such further relief as the Court deems just and proper.

Respectfully submitted,

**MILLENNIAL LAW, INC.**
*Attorneys for Defendants*
501 E. Las Olas Blvd Ste 200/308
Fort Lauderdale Fl 33301
Phone: 954-271-2719

By: *s/ Zachary P. Hyman*
      Zachary P. Hyman
      Florida Bar No. 98581
      zach@millenniallaw.com
      millenniallawforms@gmail.com
      jessica@millenniallaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **14th** day of May, 2021, the foregoing was filed using the Court's CM/ECF system which sent notice of electronic filing to the parties listed in the attached Service List.

By: *s/ Zachary P. Hyman*
Zachary P. Hyman

## Service List

**Christine Marie Tomasello**
10299 Southern Boulevard
Ste Unit #212451
Royal Palm Beach, FL 33411
561-755-7090
Fax: 561-799-4050
Email: ctomaselloesq@gmail.com
*Attorney for Plaintiff*