UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-80151-Civ-MATTHEWMAN

SURESH KUMAR,

    Plaintiff,

v.

KRS GLOBAL BIOTECHNOLOGY, INC., and CLEVELAND DIABETES CARE, INC.,

    Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [DE 16]

THIS CAUSE comes before the Court upon Defendants, KRS Global Biotechnology, Inc., and Cleveland Diabetes Care, Inc.'s ("Defendants") Motion to Dismiss Complaint, or in the alternative, Motion for a More Definite Statement [DE 16]. Plaintiff Suresh Kumar filed a response [DE 17], and no timely reply was filed. For reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART.**

**I.     BACKGROUND**

Plaintiff brings this suit pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §201 *et seq.*, and the Employee Retirement Income Security Act of 1974 ("ERISA"), 28 U.S.C. § 1001 *et seq.*, alleging that Defendants failed to pay wages in violation of the FLSA and breached a fiduciary duty under ERISA. [Compl., DE 1].

Plaintiff was employed by Defendants as the Director of Research and Development. [DE 1 at ¶ 10, 22]. From November 15, 2019 through January 10, 2020, Defendants allegedly failed to

pay Plaintiff any wages for services rendered during that period. *Id.* at ¶ 13, 23. Plaintiff claims be to owed a sum of $54,690 for services rendered during that period. *Id.* at ¶ 31. Plaintiff further alleges that Defendants either intentionally or recklessly violated of the Fair Labor Standards Act ("FLSA") by failing to pay his wages. *Id.* at ¶ 32.

Plaintiff also allegedly received health, vision and dental coverage through an "employee welfare benefit plan," as defined under 29 U.S.C. § 1002(1), sponsored by Defendants. *Id.* at ¶¶ 12, 25. Plaintiff alleges that Defendants are fiduciaries of the employee welfare benefit plan. *Id.* at ¶ 37. Defendants funded the alleged "employee welfare benefit plan" through pre-tax payroll contributions. *Id.* at ¶¶ 26, 27. Plaintiff alleges that Defendants failed to remit insurance payments to the plan providers, Neighborhood Health Partnership and United Healthcare of Florida, which resulted in the termination of Plaintiff's coverage around March 30, 2020. *Id.* at ¶¶ 25, 28. Plaintiff allegedly incurred medical expenses after his coverage ended but before he learned of the termination. *Id.* at ¶ 41. Plaintiff further alleges that Defendants deducted payments for insurance premiums from Plaintiff's wages after his coverage was terminated. *Id.* at ¶ 18. Plaintiff claims that Defendants' failure to pay insurance premiums constituted a breach of their fiduciary duties. *Id.* at ¶ 39.

II.   **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the allegations in a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing legal sufficiency, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction

of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and assume the truth of the plaintiff's factual allegations. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (stating that an unwarranted deduction of fact is not considered true for purposes of determining whether a claim is legally sufficient). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise [the plaintiff's] right to relief above the speculative level." *Id.*

### III. DISCUSSION

#### a. Count I – FLSA claim

Plaintiff claims that Defendants violated the FLSA's minimum wage requirements by failing to pay Plaintiff any wages from November 15, 2019 through January 10, 2020. Defendants move to dismiss this claim under the "highly compensated employees" exemption to the FLSA minimum wage requirements. [DE 16 at 2-3].

An employee qualifies "highly compensated employee" if: (1) the employee earns a "total annual compensation of at least $107,432, which must "include[] at least $684 per week on a salary or fee basis;" (2) the employee "customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative, or professional;" and (3) the employee's

"primary duties includes performing office or non-manual work." 28 C.F.R. § 541.601(a)(1), (b)(1). The applicable test thus requires an inquiry not only into salary, but also into the employee's specific duties. *See id.* This exemption, as an affirmative defense, generally cannot be considered at the motion to dismiss stage. *See Corning Glass Works v. Brennan*, 417 U.S. 188, 196 (1974). However, "a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *See Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984), *on reh'g*, 764 F.2d 1400 (11th Cir. 1985). "When this occurs, the complaint has a built-in defense and is essentially self-defeating." *Id.*

Defendants argue that the exemption is satisfied because Plaintiff alleges that he is owed $54,690 over an eight-week period and his title of "Director of Research and Development" indicates that Plaintiff "must have performed one of the exempt job functions" and must have been "highly educated." [DE 16 at 3]. Defendants' arguments fail because they rely on inferences not clearly apparent on the face of Plaintiff's complaint. *See Quiller*, 727 F.2d at 1069; *see also Davidson v. Maraj*, 609 Fed. Appx. 994) (finding that, if two different inferences are reasonable, and at the motion-to-dismiss stage all reasonable inferences must be drawn in the plaintiff's favor, dismissal is improper).

Here, Plaintiff has neither alleged his annual salary nor his pay at any regular interval, such as per week or month. Rather, Plaintiff alleges a specific sum owed to him during a specific date rate. [DE 1 at ¶¶ 24, 31]. Furthermore, Plaintiff has not alleged with any specificity his job duties. While Defendants infer from the Plaintiff's job title what duties he must have performed on a regular basis, that inference is not really supported by the allegations in the Complaint. At the motion to dismiss stage, where all reasonable inferences are drawn in Plaintiff's favor, the Court

cannot conclude from the factual allegations in the complaint that Plaintiff satisfies this exemption. Defendants' Motion to Dismiss, as to Count I, is therefore **DENIED**.

### b. Count II – ERISA claim

Plaintiff claims that Defendants are fiduciaries under ERISA, and they breached their fiduciary duties by failing to remit Plaintiff's premiums to the insurance companies. Plaintiff also claims that the "misappropriation" of the premiums is unlawful under ERISA, citing to 29 U.S.C. § 1006(b)(1). The Court notes that no section 1006 exists in Title 29; Plaintiff seemingly attempts to cite to § 1106, which bars specific transactions involving fiduciaries. Defendants move to dismiss on the grounds that Plaintiff does not allege facts to support his conclusory allegation that Defendants are fiduciaries of the employee welfare benefit plan under ERISA. [DE 16 at 4].

"To establish liability for a breach of fiduciary duty under any of the provisions of ERISA § 502(a),[1] a plaintiff must first show that the defendant is in fact a fiduciary with respect to that plan." *Cotton v. Mass. Mut. Life Ins., Co.*, 402 F.3d 1267, 1277 (11th Cir. 2005) (citing *Baker v. Big Star Div. of the Grant Union Co.*, 893 F.2d 88, 289 (11th Cir. 1989)) ("[N]on-fiduciaries cannot be held liable under ERISA.")). Under ERISAA, person can also be a "named fiduciary" under ERISA if "named in the plan instrument." § 1102(a)(2). However, Plaintiff instead alleges in the Complaint that Defendants are fiduciaries under the following ERISA section:

> a person is a fiduciary with respect to the plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

---

[1] Section 502(a) of ERISA, codified at 29 U.S.C. § 1132(a), is the civil enforcement section of the statute proscribing the causes of action that can be brought under ERISA. *See* Employee Retirement Income Security Act of 1974, Pub. L. No. 93-406, § 502(a) (1974).

5

§ 1002(21)(A).

The Eleventh Circuit's decision in *Cotton* is instructive. There, the district court entered default against the defendant, and, accepting as true all well-plead factual allegations in the operative complaint, held that the defendant was a fiduciary under ERISA. 402 F.3d at 1277–78. The Eleventh Circuit reversed, finding that the complaint merely restated portions of the statute, for example, stating that the defendant "retained 'discretionary authority to administer[,] manage and control' policy assets." *Id.* at 1278 (alterations in original). "Simple allegations that [a defendant] falls within the statutory definition" are "the plaintiff's own conclusions of law . . . not well-plead factual allegations." *Id.*

The same is true here. Plaintiff alleges only that "defendants are fiduciaries of [the employee welfare benefit] plan pursuant to 29 U.S.C. § 1002(21)." Even accepting as true Plaintiff's well-plead allegation that Defendants sponsored the plan pursuant to his employment, *see* DE 1 at ¶ 25, this fact alone cannot establish that Defendants meet the statutory definition of a fiduciary under ERISA. The reasoning in *Cotton* arguably applies here with even stronger force, because, unlike the plaintiffs in *Cotton*, Plaintiff does not even attempt to establish that Defendants meet the specific definition proscribed in § 1002(21)(A). Because Plaintiff has failed to plead facts to support his legal conclusion that Defendants are fiduciaries under ERISA, he therefore failed to state a claim under ERISA. *See Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[L]egal conclusions masquerading as facts will not prevent dismissal [on a motion to dismiss]."). Count II is thus **DISMISSED WITHOUT PREJUDICE** and with leave to amend.

## IV.     MOTION FOR A MORE DEFINITE STATEMENT

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare

a response." Fed. R. Civ. P. 12(e). Such a "motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." *Id.*

Because the Court is granting Defendants' Motion to Dismiss on Count II, this alternative relief need not be addressed with respect to that count. As to Count I, a more definite statement is not warranted given that Defendants' argument is premised on the applicability of an affirmative defense, which Plaintiff is not required to negate in his Complaint. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Defendants also request a more definite statement clarifying "which Defendant acted in what capacity," which is unnecessary because Plaintiff's allegations on this point are not vague or ambiguous. *See* DE 1 ¶ 19. Defendants' Motion for a More Definite Statement is thus **DENIED**.

## V.   CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Complaint, or in the alternative, Motion for a More Definite Statement [DE 16] is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted as to Count II to the extent Count II of the Complaint is **DISMISSED WITHOUT PREJUDICE**, and Plaintiff shall have until October 8, 2021, to file an amended complaint that is in full compliance with this Order. The Motion is **DENIED** as to Count I.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of September 2021.

WILLIAM MATTHEWMAN
United States Magistrate Judge